By the Court. Woodruff, J.
This action is brought to recover money alleged to be due to the plaintiffs, in their own right, and as assignee of their co-partner, Flint, from the defendants as joint debtors, for money lent and advanced to the defendants, and paid, laid out, and expended for their use, as co-partners.
The defendant Bloomer, answering separately, among other defences, sets up a set-off, or counter-claim, in his own favor, individually, for damages sustained by himself by reason of the *679 plaintiffs’ and the said Flint’s fraud and negligence, in this, that he appointed the plaintiffs and the said Flint his agents, under a power of attorney, to manage and to attend to his interests in California, which power of attorney, he avers, the plaintiffs and the said Flint received, and undertook to perform, keep and execute the trust, duties and obligations thereby given, conferred and imposed. By the fraudulent violation of their duty, in this respect, the defendant avers that he has sustained damages, which he insists upon as a set-off, or counter-claim, in this action.
We fully agree with the conclusion at which Mr. Justice Hoffman arrived, in the examination of the demurrer to this defence, at the special term, that, to an action against several joint debtors, for a debt due by them as copartners, one of them cannot avail himself, either by way of set-off or counter-claim, of such a defence. If the defence have any foundation, as very imperfectly, we think, exhibited in the answer, it belongs to Bloomer alone. If it can be regarded, under the averments in the answer, as arising upon contract, then it is a fatal defect that there is no mutuality between the two claims which are exhibited. If it be deemed a tort, as set up in the answer, then it is not so connected with the subject of the action that it constitutes any ground of recoupment; and in no respect is the defence such that in this action there can be a separate judgment against the defendants, who are jointly liable, and who do not and could not set up the defence upon which the defendant Bloomer relies. The case of Parsons v. Nash, (8 How. Pr. R. 454,) instead of sustaining such a counter-claim, appears to tend to the contrary.
Where one of the joint debtors pays the debt, that is payment for all, and any or all of them may set up the payment in bar. Here there is no pretence that either of the other defendants could have set up the defence in question. But, without pursuing the subject, it must suffice to say, that the elaborate opinion pronounced at Special Term, by Mr. Justice Hoffman, appears to us to be entirely sound in its conclusion, and it is unnecessary to enlarge upon the subject here.
The judgment appealed from must be affirmed, with costs.